IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUELINE E. BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:17-cv-406-WKW-GMB |
| ) | [WO] |
| UNITED STATES OF AMERICA and ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Defendant United States Postal Service's Motion to Dismiss. Doc. 15. On June 23, 2017, Plaintiff Jacqueline E. Banks filed this lawsuit under the Federal Tort Claims Act, claiming that she tripped and fell in the parking lot of a United States Post Office in Montgomery, Alabama, causing serious injuries. *See* Doc. 1. Accordingly, she filed suit against the United States and the United States Postal Service, which has moved to dismiss her claims against it for lack of jurisdiction. *See* Doc. 15. The United States has answered the complaint.[1] *See* Doc. 13. Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 20. After careful consideration of the parties' submissions and the applicable law, the undersigned RECOMMENDS that the motion to dismiss (Doc. 15) be GRANTED, and

---

[1] The docket entry associated with this answer in the court's electronic filing system attributes the pleading to both the United States and the United States Postal Service, but the document itself indicates that it is filed only on behalf of the United States. *See* Doc. 13. Accordingly, the Clerk of Court is DIRECTED to amend the docket entry to reflect that the answer was filed solely by the United States.

that Banks' claims against the United States Postal Service ("USPS") be DISMISSED with prejudice for lack of subject-matter jurisdiction.

## I. BACKGROUND

On December 29, 2015, Banks visited a branch of the USPS in Montgomery, Alabama. Doc. 1 at 2. After parking her vehicle, Banks tripped on a piece of metal protruding from a concrete wheel stop located at the end of a parking space, causing her to fall. Doc. 1 at 2. According to Banks, damage to the wheel stop caused the metal to protrude into an area designated for depositing and retrieving mail. Doc. 1 at 3. After falling and injuring herself, Banks returned to her car and attempted to drive to the hospital. Doc. 1 at 3. However, she lost consciousness immediately upon leaving her parking space, crossing a lawn adjacent to the parking lot and striking what she believes to be the base of a pole. Doc. 1 at 3. As a result of her fall and motor vehicle accident, Banks was seriously injured. Doc. 1 at 4. She asserts violations of Post Office regulations and the Architectural Barriers Act in addition to claims for negligence and wantonness. Doc. 1 at 4.

## II. DISCUSSION

While generally immune from suits as a sovereign entity, the United States waived its immunity from state-law tort claims, under certain circumstances, through its enactment of the Federal Tort Claims Act ("FTCA"). *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015) (citations omitted). However, the United States retained the authority to craft this waiver "as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose." *Id.* at 1321–22 (citation omitted). These "limitations and exceptions" on the Government's immunity must be "strictly observe[d]," and exceptions may not be

implied. *Id.* at 1322 (citation and internal quotation marks omitted). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Id.* (citation omitted).

Here, the USPS argues that federal agencies are not subject to suit under the FTCA. *See* Doc. 15 at 1–2. No extensive discussion on this point is necessary, as it is well established "the FTCA authorizes claims only against the United States," and not against its agencies or employees. *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) (citing 28 U.S.C. § 2679(b)(1); *Galvin v. Occ. Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)); *see also Goble v. Ward*, 628 F. App'x 692, 698 (11th Cir. 2015) (upholding a district court's dismissal of claims against the Securities and Exchange Commission because the "FTCA's waiver applies only to the federal government and not to agencies within the federal government"). Accordingly, the court concludes that Banks' claims against USPS are due to be dismissed for want of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the motion to dismiss (Doc. 15) be GRANTED, and that all claims asserted against the United States Postal Service be DISMISSED with prejudice.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **November 13, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and

recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 30th day of October, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE